IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE COMMONWEALTH OF MASSACHUSETTS; MAURA HEALEY, Governor of Massachusetts, in her official capacity; ANDREA CAMPBELL, Attorney General of Massachusetts, in her official capacity; PHILLIP ENG, Interim Secretary of Transportation, in his official capacity; COLLEEN OGILVIE, Registrar of Motor Vehicles, in her official capacity,<br><br>Defendants. | **COMPLAINT**<br><br>Case No.: 1:26-cv-12401 |

Plaintiff, the United States of America, by and through its undersigned counsel, brings this civil action for declaratory and injunctive relief, and alleges as follows:

**<u>INTRODUCTION</u>**

1.      Federal law enforcement agencies operate throughout the United States enforcing federal law, including the immigration laws in Title 8. Their jobs are dangerous as they frequently investigate and apprehend violent criminals including cartel members, gang members, sex offenders, human traffickers, firearms traffickers, and other violent offenders. These brave agents, like their local counterparts, rely on various tools and techniques to stay safe while performing their official duties, including taking certain measures to keep their activities and identities unknown to the general public and the criminals they investigate. One such tool is confidential license plates that cannot easily be tied back to their agencies through records requests or other means.

1

2.     Since President Donald J. Trump took office for the second time in January 2025, some states have tried to obstruct the Federal Government's immigration enforcement efforts, even though control over immigration and the nation's borders is an exclusive federal power. Massachusetts is one of those states. The Commonwealth of Massachusetts has issued confidential license plates to law enforcement agencies for many years, but is now refusing to issue them to ICE and CBP because it objects to their immigration enforcement missions. It nonetheless continues to issue confidential plates to other law enforcement agencies for undercover work and officer safety. Its refusal to do the same for ICE and CBP is discriminatory, a direct regulation, and a blatant violation of the intergovernmental immunity doctrine embodied within the Supremacy Clause. The policy must be declared unconstitutional and invalid, and it must be enjoined.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

4.     Venue is proper under 28 U.S.C. § 1391(b)(1) because all defendants reside in this district.

5.     The Court has the authority to provide the relief requested under 28 U.S.C. §§ 1651, 2201, and 2202, and its inherent equitable powers.

## PARTIES

6.     Plaintiff, the United States of America, regulates immigration under its statutory and constitutional authorities. It is responsible for enforcing the federal immigration laws through its agencies, including the Departments of Justice, State, and Homeland Security (DHS), along with DHS's component law enforcement agencies U.S. Immigration and Customs Enforcement

(ICE) (which includes Homeland Security Investigations (HSI)), and Customs and Border Protection (CBP).

7.     Defendant Commonwealth of Massachusetts is a state of the United States.

8.     Defendant Maura Healey is the Governor of Massachusetts and is being sued in her official capacity.

9.     Defendant Andrea Campbell is the Attorney General of Massachusetts and is being sued in her official capacity.

10.     Defendant Phillip Eng is the Interim Secretary of Transportation and is being sued in his official capacity.

11.     Defendant Colleen Ogilvie is the Registrar of Motor Vehicles and is being sued in her official capacity.

## LEGAL AND FACTUAL BACKGROUND

### THE SUPREMACY CLAUSE AND FEDERAL LAW ENFORCEMENT

12.     The Supremacy Clause of the United States Constitution mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. The Supremacy Clause incorporates principles of intergovernmental immunity, and thus, a state enactment is invalid if it "regulat[es] the United States directly or discriminat[es] against the Federal Government or those with whom it deals." *United States v. Washington*, 596 U.S. 832, 838 (2022) (citation omitted).

13.     The President has a constitutional duty to "take Care that the Laws be faithfully executed." U.S. Const. art. II § 3.

3

14.     Subordinate officers in various federal agencies assist the President in discharging that duty. *See Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 203–04 (2020); *see also Tennessee v. Davis*, 100 U.S. 257, 263 (1879) (stating that the Federal Government "can act only through its officers and agents").

15.     Because the authority to execute the laws "extend[s] over the whole territory of the Union, acting upon the States and upon the people of the States," federal officers and agents "must act within the States." *Davis*, 100 U.S. at 263. Accordingly, federal law enforcement officers carry out their duties within the states, including Massachusetts.

16.     For example, DHS, through ICE, HSI, and CBP, is principally responsible for enforcing our Nation's immigration laws, including the Immigration and Nationality Act (INA), and, pursuant to Congress's power to "establish a uniform Rule of Naturalization," U.S. Const. art. I § 8, cl. 4, make up the framework for the "governance of immigration and alien status," *see Arizona v. United States*, 567 U.S. 387, 395 (2012). In the wake of the terrorist attacks of September 11, 2001, the FBI was granted civil immigration authority in December 2002 by order of the Attorney General pursuant to 8 U.S.C. § 1103. In January 2025, DHS, also pursuant to 8 U.S.C. § 1103, gave that same authority to other DOJ components, including USMS, DEA, and ATF.

17.     The INA confers upon the Executive Branch broad authority to inspect, investigate, arrest, detain, and remove aliens who are unlawfully present in the United States. *See, e.g.*, 8 U.S.C. §§ 1182, 1225–29a, 1231. As part of those enforcement efforts, DHS, through HSI, also investigates transnational crime and threats, including incidents of alien smuggling and human trafficking.  *See* 8 U.S.C. §§ 1324, 1232.

4

18.    Due to the nature of law enforcement operations, obtaining confidential registrations and license plates is critical to the success of those operations and to officer security. Their missions depend on the agencies' ability to engage in undercover operations, conduct surveillance, approach targets safely, and execute arrests without alerting the targets. Confidentiality in these scenarios is essential to the law enforcement mission of preventing violence, preserving evidence, and protecting the public.

19.    Such law enforcement operations require federal law enforcement officers to blend into the environment to avoid premature detection that could undermine the mission and place them at risk. If agents are forced to use a single traceable public plate, enforcement targets may be able to track and evade enforcement. The use of confidential registrations and license plates ensures that critical operations are not compromised before they begin.

## MASSACHUSETTS REGISTRY OF MOTOR VEHICLES' POLICY

20.    Massachusetts's Registry of Motor Vehicles (RMV) is an organization within the Massachusetts Department of Transportation, which is overseen by the Interim Secretary of Transportation, Phillip Eng. It is responsible for, among other things, issuing vehicle registrations and license plates, and maintaining that data.

21.    Massachusetts has had a confidential license plate program for many years which enables certain individuals to obtain confidential license plates, including state and federal law enforcement agencies.[1] As recently as 2025, all federal agencies including FBI, ATF, USMS, DEA, CBP, ICE, and HSI, were able to obtain confidential vehicle registrations and license plates in Massachusetts.

---

[1] *See* "Special Report: Confidential Registration Plates, May 1989" at 17, available at https://archives.lib.state.ma.us/server/api/core/bitstreams/78df44cb-640f-45ed-8e68-c0db6c5364d3/content (last visited May 27, 2026).

22.     In 2026, however, Massachusetts changed its policy, instead refusing to issue such plates to CBP and ICE.

23.     Governor Healey's office explained the reason for the change, declaring, "[a]ny federal, state or local agency engaging in legitimate criminal law enforcement work can receive a confidential plate….We all know that's not what ICE is doing. This is an agency that can't and won't even tell us who they are arresting and why. We are not going to enable their tactics."[2] This is blatant discrimination against federal immigration enforcement and is illegal.

24.     Massachusetts also claimed, in correspondence to the DOJ, that the policy reflects a distinction between law enforcement agencies engaged in civil investigations versus those engaged in criminal investigations. A true and correct copy of that correspondence is attached hereto as **Exhibit A.**

25.     However, despite this new alleged policy, Massachusetts's actual forms and policies do not support such a distinction.

26.     In particular, the Massachusetts RMV has not revised its Confidential Registration Application, and continues to accept the form that was also in use in 2025.  A true and correct copy of that form is attached hereto as **Exhibit B.**

27.     According to the form in Exhibit B, law enforcement, certain members of the judiciary, certain members of the public, and certain probation officers are eligible to obtain confidential registrations.  Exhibit B at 2. The Confidential Registration Application makes no mention of civil versus criminal missions.

---

[2] Nazzaro, "Massachusetts won't give ICE confidential plates, Healey says" (May 15, 2026, updated 4:15 p.m.), *available at* https://www.wcvb.com/article/healey-rejects-ice-confidential-plate-demand/71320049 (last visited May 27, 2026).

28.    Furthermore, as to Massachusetts state vehicles, the Policies and Procedures Manual of the Office of Vehicle Management (OVM PPM), which is dated October 2022 with a "last-updated" date on Massachusetts website of May 13, 2026,[3] does not draw a distinction between civil law enforcement and criminal law enforcement. Rather, it states that such vehicles "may be issued a confidential registration if such vehicles are in the possession of law enforcement personnel or have received a waiver through [Administration & Finance] and such registration is necessary either for undercover investigatory work or to protect the physical safety of law enforcement personnel using the vehicle." OVM PPM p. 7.  A true and correct copy of the OVM PPM section on Confidential Registrations is attached hereto as **Exhibit C.**

29.    Thus, even if Massachusetts were to impose a civil versus criminal distinction on federal law enforcement, it would still be discriminating because no such distinction is imposed on state law enforcement, and as explained below, ICE and CBP can show at the very least that the registration is to "protect the physical safety of law enforcement personnel using the vehicle." Exhibit C, OVM PPM p. 7.

30.    Additionally, even assuming that Massachusetts denies ICE and CBP access to confidential registrations due to its alleged criminal versus civil law enforcement policy, such policy still regulates the Federal Government by telling federal law enforcement that they cannot obtain essential confidential plates because Massachusetts disapproves of their federal function.

## MASSACHUSETTS REGISTRY OF MOTOR VEHICLES' POLICY HARMS THE FEDERAL GOVERNMENT AND THE PUBLIC

31.    The United States has standing to bring this lawsuit where it "inten[ds] to engage

---

[3] Available at https://www.mass.gov/doc/ovm-policy-and-procedures-manual (last visited May 27, 2026).

in a course of conduct arguably affected with a constitutional interest, but proscribed by a [state] statute[,]" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014), and the Massachusetts's RMV's policy violates the Supremacy Clause and principles of intergovernmental immunity, and thus imposes a sovereign and irreparable injury on the United States, *cf. Arizona v. Yellen*, 34 F.4th 841, 851–53 (9th Cir. 2022); *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000). The United States has sovereign authority to manage federal law enforcement activities and, under the Supremacy Clause, need not cede that authority to Massachusetts (or any state) by abiding by its dangerous policy which jeopardizes federal law enforcement operations and the officers who carry them out. A favorable ruling would redress these harms.

32.     Even beyond the sovereign injury, which itself is sufficient for standing to seek an injunction, compliance with the RMV policy endangers officers and reduces operational effectiveness.

33.     Federal law enforcement agencies should not be subject to the challenged RMV policy, which is unconstitutional and recklessly disregards officer safety, public safety, and federal operational needs.

34.     The Massachusetts RMV policy poses detrimental impacts upon investigations and public safety by jeopardizing ongoing investigations that rely on discreet surveillance and inconspicuous movement.

35.     When an unmarked vehicle can be traced to a federal agency, the negative consequences for federal law enforcement officers can be immediate. Federal officers rely on confidential plates to investigate, monitor, and apprehend targets. They help officers avoid confrontations and evasions by those targets or other members of the public. Taking away those plates requires officers to use public, consistent, and traceable plates. As a result, enforcement

targets can sometimes track and evade law enforcement. Members of the public can also use this information to follow and impede law enforcement operations.

36.    In the event an investigative vehicle is identified because confidential plates were not issued, subjects may destroy evidence, evade apprehension, flee the jurisdiction, take countermeasures that endanger the public, or otherwise alter their behavior.

37.    The inability to obtain confidential registrations and license plates disrupts a multitude of mission sets that require operational anonymity, including threat assessments, protective intelligence, surveillance operations, task force operations, drug investigations, and state and local collaborative operations.

38.    Without confidential registrations and license plates, federal agencies may be forced to modify, delay, or forego operations, increasing risks to federal law enforcement officers and the communities they serve.

39.    Federal law enforcement routinely transports government officials, federal judges, prisoners, and witnesses.

40.    If such vehicles can be identified as federal, hostile actors may track routes, anticipate movements, or attempt to interfere. This undermines layered security protocols and exposes protected individuals to unnecessary danger.

41.    Confidential registrations also ensure that the Massachusetts RMV remains the custodian of sensitive ownership information, meaning only authorized individuals may access these records.

42.    Protecting the identities of federal officers is necessary in part due to the increasing threats of targeted harassment and retaliation against federal officers and agents for simply doing

their jobs.[4] While such threats have always existed, they have increased exponentially, requiring new tactics to mitigate the harms to officer safety and operational effectiveness.

43.    Increasingly, members of the public photograph, film, and publish federal enforcement actions online and include the personal identities of federal officers for the sole purpose of intimidation and harassment. This content is directly used by members of organized crime and transnational criminal organizations in serious and potentially deadly ways.[5]

44.    For example, some individuals photograph officers' faces and run them through facial recognition applications that search social media and doxxing sites such as ICESpy.org, ICEList.is, and ICEList.info. Once a match is made, they often search for family members, including children, and disseminate this information online, allowing people to track, harass, and obstruct law enforcement.

45.    This opens officers up to harassment, tracking, and assaults in the performance of their duties in the field. These threats are coming from rioters, illegal aliens, as well as "highly sophisticated gangs like Tren de Aragua and MS-13, criminal rings, murderers, and rapists."[6] ICE officers are facing an 8,000% increase in death threats and more than a 1,000% increase in assaults, which are facilitated by doxxing websites that broadcast the identities and home addresses of officers and their families, encouraging retaliation against them.[7]

46.    Stripping federal agencies of the ability to remain confidential eliminates this

---

[4] Press Release, DHS, 8000% Increase in Death Threats Against DHS, ICE Law Enforcement as They Risk Their Lives to Remove the Worst of the Worst (Oct. 30, 2025), https://perma.cc/VXK9-MSBQ

[5] *See, e.g.,* https://www.dhs.gov/news/2026/03/31/anti-ice-agitator-doxxes-ice-officer-north-carolina

[6] https://www.dhs.gov/news/2025/10/14/bounties-originating-mexico-offered-shoot-ice-and-cbp-officers-chicago

[7] *See supra* note 4.

safeguard and increases the risk that criminal actors or hostile organizations could obtain sensitive information.

47.     Moreover, it is in the public interest to enjoin the Massachusetts RMV policy where state and local agencies routinely rely on federal partners for specialized resources, personnel, and operational support, especially during high-risk or large-scale incidents. Compromising the anonymity of federal vehicles reduces the effectiveness of this support and limits the ability of federal agencies to respond quickly and safely when state and local partners request assistance.

48.     Confidential vehicle registrations are a critical component of safe, effective, and lawful federal law enforcement operations.

49.     The Massachusetts RMV policy introduces substantial, unnecessary, and entirely preventable risks. It undermines federal security safeguards, conflicts with congressional intent, and weakens Massachusetts's broader public safety posture.

50.     The United States is irreparably harmed by policies that violate the Supremacy Clause by discriminating against and regulating the United States, thus impinging on the ability of the United States to carry out its functions through its Executive agencies, particularly in the context of its sovereign functions, such as federal civil immigration enforcement.

51.     The public interest favors maintaining our system of federalism and the constitutional lines drawn between federal and state power and enabling the Federal Government to carry out its functions as mandated by the Constitution and Congress.

52.     The public interest also favors allowing federal officers to safely and effectively enforce the laws of the United States.

53.     There is no other adequate remedy at law.

11

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF THE SUPREMACY CLAUSE
### (UNLAWFUL DISCRIMINATION AGAINST THE FEDERAL GOVERNMENT)

54.    Plaintiff hereby incorporates paragraphs 1 through 53 of this Complaint as if fully stated herein.

55.    Massachusetts RMV's policy to refuse the issuance of confidential or undercover registrations and license plates to CBP or ICE, while continuing to issue them to state and local entities, discriminates against the Federal Government.

56.    This policy treats CBP and ICE differently as compared to similarly situated law enforcement agencies. Though Massachusetts claims it is drawing a distinction between civil and criminal enforcement, nothing in its existing laws or policies draw that distinction. Nor, to Plaintiffs' knowledge, is the policy being applied to agencies other than CBP and ICE. Indeed, Massachusetts law and existing policies explicitly allow for confidential plates to be issued to state and local officials for civil functions and even members of the public. Exhibit B at 2.

57.    By treating similarly situated agencies differently and better than CBP and ICE, Massachusetts violates the intergovernmental immunity doctrine embodied within the Supremacy Clause of the U.S. Constitution.

58.    Accordingly, Massachusetts RMV's policy violates the Supremacy Clause and is unconstitutional and invalid.

### COUNT II

### VIOLATION OF THE SUPREMACY CLAUSE
### (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)

59.    Plaintiff hereby incorporates paragraphs 1 through 53 of this Complaint as if fully stated herein.

12

60.    Massachusetts's confidential plate policy constitutes an unlawful regulation of the Federal Government.

61.    Massachusetts understands the benefits of confidential plates to law enforcement. Indeed, until recently it provided confidential plates to all federal agencies regardless of the type of enforcement they were engaged in. And it continues to provide confidential plates to state and local officers engaged in civil and criminal enforcement.

62.    Yet Massachusetts's confidential plate policy does not simply set a general condition to operate a vehicle in the state; instead, it directly regulates a core government function by telling federal law enforcement that they cannot obtain essential confidential plates because Massachusetts disapproves of their federal function.

63.    By setting this condition, Massachusetts seeks to regulate the Federal Government by dictating how federal agents may do their jobs in Massachusetts.

64.    Accordingly, Massachusetts's confidential plate policy unlawfully regulates the Federal Government in violation of the Supremacy Clause and should be declared unconstitutional and invalid.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests the following relief:

A.    That this Court enter a judgment declaring that Massachusetts Registry of Motor Vehicles' policy of refusing to issue undercover registrations and plates to CBP and ICE, while continuing to issue them to similarly situated federal, state, and local law enforcement agencies, violates the Supremacy Clause and is therefore unconstitutional and invalid;

B.    That this Court permanently enjoin Defendants, as well as their successors, agents, servants, employees and attorneys, and all those working in concert with them, from enforcing this

policy against CBP and ICE;

C.      That this Court award the United States of America its costs and fees in this action;

and

D.      That this Court award any other relief it deems just and proper.

DATED: May 27, 2026

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division | ALEXANDRA MCTAGUE SCHULTE<br>Senior Litigation Counsel |
| | */s/ Alessandra Faso* |
| YAAKOV M. ROTH<br>Principal Deputy Assistant Attorney General<br>Civil Division | ALESSANDRA FASO<br>Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>Enforcement & Affirmative Litigation Branch |
| TIBERIUS DAVIS<br>SEAN SKEDZIELEWSKI<br>Counsel to the Assistant Attorney General<br>Civil Division | P.O. Box 386<br>Washington, D.C. 20044-0386<br>(202) 451-7728<br>alessandra.faso@usdoj.gov |
| LEAH B. FOLEY<br>United States Attorney<br>District of Massachusetts | |

*Attorneys for the United States of America*