# EXHIBIT A



THE COMMONWEALTH OF MASSACHUSETTS

OFFICE OF THE GOVERNOR

STATE HOUSE    •    ROOM 271
BOSTON, MASSACHUSETTS  02133
TEL:  (617) 725-4030    •    FAX:  (617) 727-8290

GOVERNOR'S LEGAL OFFICE

JESSE M. BOODOO
CHIEF LEGAL COUNSEL

ABIGAIL L. FEE
DEPUTY CHIEF LEGAL COUNSEL

DARA Z. KESSELHEIM
DEPUTY LEGAL COUNSEL

KIMBERLY A. PARR
DEPUTY LEGAL COUNSEL

CASSANDRA B. ROEDER
DEPUTY LEGAL COUNSEL

GREG SCHMIDT
DEPUTY LEGAL COUNSEL

JOSEPH  B. THIBODEAU
ASSOCIATE LEGAL COUNSEL

MAURA T. HEALEY
GOVERNOR

KIMBERLEY DRISCOLL
LIEUTENANT GOVERNOR

May 22, 2026

BY EMAIL c/o Alexandra.McTague2@usdoj.gov

Assistant Attorney General Brett A. Shumate
U.S. Department of Justice, Civil Division
Office of the Attorney General
Washington, DC 20044

Dear Mr. Shumate,

I am writing in response to your letter to Governor Maura Healey, dated May 12, 2026, concerning the Massachusetts Registry of Motor Vehicles' (RMV) confidential registration program.  The RMV's policy for its confidential registration program is lawful, proper, and fully within the sovereign power and discretion of the Commonwealth of Massachusetts.  Contrary to the assertions contained in your letter, the policy neither risks the identification of individual federal officers nor discriminates against "certain federal law enforcement agencies" in violation of the United States Constitution.  Massachusetts therefore rejects your demand to "immediately withdraw[]" the RMV policy.

To begin with, I want to be clear that the RMV's policy treats federal entities no differently than similarly situated state entities.  *See United States v. Washington*, 596 U.S. 832, 839 (2022).  The policy prohibits all federal, state, and local law enforcement agencies primarily involved in civil investigations from obtaining confidential plates, while allowing all federal, state, and local law enforcement agencies primarily involved in criminal law enforcement investigations to enroll vehicles used for criminal law enforcement purposes in the confidential registration program, so long as they identify a qualifying need to do so.[1]  The policy also allows

---

[1] As you may know, various federal, state and local law enforcement agencies obtained confidential plates under an earlier version of the RMV policy. The RMV is not revoking those confidential plates but is reviewing requests for new plates and renewals under its current policy.

OFFICE OF THE GOVERNOR'S LEGAL COUNSEL
Page 2

enrollment for other law enforcement agencies that partner with criminal law enforcement agencies on joint anti-terrorism or criminal task forces, as necessary to support eligible task force purposes, and when a qualifying need exists.  The relevant distinction is between law enforcement entities that primarily engage in civil investigations, on the one hand, and those that primarily engage in criminal investigations, on the other.  This approach is entirely lawful.

Limiting access to confidential plates in this manner also makes good sense, furthering the public interest while maintaining public safety.  Confidential plates shield information about the RMV-registered owner or lessee of a vehicle from local and state police—meaning that, if a member of state or local law enforcement encounters a vehicle with confidential plates driving recklessly or otherwise violating the law, law enforcement will not be able to access information about the vehicle's owner or lessee (including whether it is an individual or a government agency, or why the vehicle was eligible for a confidential plate in the first place) when they run the plate number.  This is why the RMV's policy for government-owned vehicles is—and must be—narrowly tailored to those situations where confidential license plates are necessary to the furtherance of criminal investigations.  I strongly reject the suggestion in your letter that members of ICE engaging in civil immigration enforcement activity should be permitted to do so in secret, and without regard to the rules of the sovereign state in which they operate.

Regular passenger plates remain available to federal, state, and local law enforcement entities that primarily engage in civil investigations, or that otherwise fall outside the scope of the RMV policy.  In Massachusetts, we believe strongly in protecting our law enforcement officers, and using passenger plates on government-owned or -leased vehicles provides significant protection to vehicle operators.  Contrary to your mistaken assertion, under Massachusetts law, members of the public cannot use a license plate to search RMV databases, M.G.L. c. 90, § 30A; and they cannot obtain registration information for vehicles used for law enforcement purposes under the state public records law.  *See, e.g.*, M.G.L. c. 4, § 7(26)(n).  Moreover, queries of regular passenger plates for government vehicles by those authorized— such as members of state and local law enforcement—lead back only to a government entity, not an individual agent.  To put it simply: the license plate of a government-owned vehicle has nothing to do with the identity of its driver or drivers.  It is therefore patently incorrect to assert, as your letter does, that the RMV's policy somehow undermines ongoing investigations, enables the public release of personal information through "doxxing," or increases the risk of harm to federal, state, or local law enforcement officers.

In Massachusetts, we consistently work in partnership with federal law enforcement agencies to investigate and prosecute criminal activity in our communities.  This is why the RMV's policy allows any federal, state, or local law enforcement agency primarily involved in legitimate criminal law enforcement to request confidential plates.  That is not what ICE is doing.  I note that ICE has been unable or unwilling to respond to Governor Healey's request of March 6, 2026 to provide information on who they are detaining in our communities and why.  The fact that ICE has adopted increasingly aggressive and unconstitutional tactics to enforce

OFFICE OF THE GOVERNOR'S LEGAL COUNSEL
Page 3

civil immigration laws does not override its statutory mission or transform it into a criminal law enforcement entity; and Massachusetts will not treat it as such.[2]

We take the rights, responsibilities and restraints of the United States Constitution seriously. Constitutional principles guide how this State interacts with and supports its residents every day and inform how it navigates its relationship with the Federal government. I am confident that the RMV's confidential registration program falls well within the State's sovereign powers, abides by the intergovernmental immunity doctrine, and advances public safety.

I trust that this letter answers your questions, and I would be happy to discuss this matter further.

Sincerely,

Jesse M. Boodoo
Chief Legal Counsel
Office of Governor Maura Healey

cc:     Governor Maura Healey
        Attorney General Andrea Campbell
        Registrar Colleen Ogilvie

---

[2] The RMV may reasonably distinguish amongst governmental entities based on their primary agency purpose and demonstrated need for confidential program access. As your letter notes, the RMV regards Homeland Security Investigations (HSI) as a separate entity from ICE under its policy.