2026 JUN -2 PM 3:11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**THE UNITED STATES OF AMERICA,**
Plaintiff,

v.

**THE COMMONWEALTH OF MASSACHUSETTS;**
**MAURA HEALEY**, Governor of Massachusetts, in her official capacity;
**ANDREA CAMPBELL**, Attorney General of Massachusetts, in her official capacity;
**PHILLIP ENG**, Interim Secretary of Transportation, in his official capacity; and
**COLLEEN OGILVIE**, Registrar of Motor Vehicles, in her official capacity,
Defendants.

Case No. 1:26-cv-12401

---

**[PROPOSED] BRIEF OF AMICUS CURIAE BRANDON MICHAEL HAYES IN SUPPORT OF PLAINTIFF UNITED STATES OF AMERICA'S REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

## INTEREST OF AMICUS

Brandon Michael Hayes appears pro se and is President of the Natural Law Institute. Amicus studies lawful settlement, institutional duty, public authority, record custody, administrative neutrality, and the operational limits of governmental discretion.

Amicus submits this brief because the Complaint presents a clean instance of a broader Massachusetts failure: public power exercised without neutral rule, reciprocal access, auditable criteria, or lawful warrant.

Amicus has active and prior Massachusetts-related proceedings involving public records, court access, state-federal custody, administrative obstruction, and selective governmental compliance. Those matters are referenced only to explain amicus's interest and experience with the operational pattern. This brief does not ask the Court to adjudicate those proceedings.

Most directly, amicus references Commonwealth ex rel. Brandon Michael Hayes v. City of Boston et al., No. 1:25-cv-12881-ADB, a Quo Warranto and civil-rights action concerning Massachusetts public authority, public-records obstruction, official warrant, and government

actors' continued exercise of office under contested conditions of non-performance. That matter demonstrates amicus's specific interest in the recurring Massachusetts practice of treating lawful access, records custody, and public authority as discretionary instruments rather than neutral obligations.

---

## SUMMARY OF ARGUMENT

Massachusetts may oppose federal immigration policy through lawful political channels. It may litigate. It may speak. It may petition Congress. It may govern its own officers within lawful bounds.

It may not administer a neutral state instrument for favored law-enforcement functions while withholding that same instrument from federal officers because the Commonwealth disfavors their federal mission.

The Complaint alleges that Massachusetts issued confidential registrations and plates to federal law-enforcement agencies for years, including ICE and CBP, and then changed course after political disagreement with federal immigration enforcement. It further alleges that Massachusetts's forms and policies do not draw the civil-versus-criminal distinction now offered as justification.

A confidential registration is an administrative instrument. Once the State creates and administers that instrument, it must administer it by neutral criteria. A State violates federal supremacy when it turns administrative access into a loyalty test against a federal function.

The necessary rule is narrow:

***A State may not convert discretionary administration into viewpoint-conditioned sovereignty.***

---

## LEGAL BINARY PRESENTED

The Constitution permits disagreement with federal policy; it does not permit administrative discrimination against federal function.

This case resolves through a single constitutional binary:

*Either Massachusetts administers confidential registrations through neutral, written, generally applicable, viewpoint-independent criteria;*

*or Massachusetts is exercising discretionary state veto power over a federal function because it disfavors the mission being performed.*

The first is lawful administration.

The second is unconstitutional discrimination against, and regulation of, the Federal Government under the Supremacy Clause.

There is no stable middle position. A State may regulate the ordinary incidents of vehicle registration through neutral rules. It may not convert the same administrative instrument into a mission-approval device for federal law enforcement.

If Massachusetts can deny confidential registrations to ICE and CBP because it objects to federal immigration enforcement, then any State may selectively deny operational instruments to federal actors whenever federal policy becomes politically disfavored. That rule would invert federal supremacy: federal officers would operate by state permission whenever the State controls an administrative chokepoint.

The Court should therefore decide the case at the level of rule:

***Neutral administration preserves federalism.***

***Mission-conditioned denial violates supremacy.***

---

## PROPOSED RULE OF DECISION

This Court need not decide immigration policy, the wisdom of federal enforcement priorities, nor whether Massachusetts agrees with the objectives of ICE or CBP.

The Court need only determine whether Massachusetts has crossed the line separating lawful administration from unlawful obstruction.

Amicus proposes the following five-part operational inquiry.

### I. NEUTRALITY

Is the governmental instrument made available through written criteria that apply equally to similarly situated applicants?

If similarly situated entities receive access while disfavored entities do not, neutrality fails.

### II. GENERALITY

Does the rule exist independent of the present dispute?

A rule announced only after controversy arises carries less weight than a rule existing beforehand.

Courts should favor preexisting written standards over post hoc explanations.

**III. RECIPROCITY**

Would the State accept application of the same rule against its own agencies?

A State may not claim authority it would reject if exercised by another sovereign.

Reciprocity exposes special pleading and preserves constitutional symmetry.

**IV. OPERATIONAL NECESSITY**

Does the requested instrument materially affect the ability of the governmental actor to perform its lawful function?

If the instrument serves officer safety, investigatory effectiveness, custody protection, surveillance integrity, witness protection, or comparable operational purposes, the burden on the requesting sovereign is substantial.

**V. VIEWPOINT INDEPENDENCE**

Would the same decision be reached if the applicant performed a politically favored mission?

If the answer is no, the denial rests upon disagreement with function rather than lawful administration.

Administrative authority exercised according to political approval constitutes obstruction disguised as discretion.

**COMPRESSION**

A State acts lawfully when it administers neutral instruments through preexisting, reciprocal, generally applicable, operationally justified, and viewpoint-independent criteria.

A State acts unlawfully when it selectively withholds neutral instruments from a sovereign actor because it disfavors the function being performed.

That distinction preserves both state authority and federal supremacy.

---

## ARGUMENT

### I. THIS CASE CONCERNS NEUTRAL ADMINISTRATION, NOT IMMIGRATION PREFERENCE

The constitutional question is whether Massachusetts may deny a generally available administrative protection to federal agencies because it objects to the federal function those agencies perform.

The Complaint answers that question through the State's own alleged conduct: the RMV provides confidential registrations to other law-enforcement actors, historically provided them to ICE and CBP, and then denied them after public political objection to immigration enforcement.

That is the decisive defect. Administrative discretion becomes unconstitutional when it ceases to operate by neutral rule and begins operating by political approval.

### II. INTERGOVERNMENTAL IMMUNITY REQUIRES EQUAL OPERATIONAL ACCESS

The Supremacy Clause prevents a State from directly regulating or discriminating against the Federal Government. The operational reason is straightforward: federal officers must act within States, but they do not act by state permission when executing federal law.

If Massachusetts can deny confidential registrations to ICE and CBP because it disfavors immigration enforcement, the same logic permits denial of other neutral instruments whenever federal power becomes politically unpopular.

That cannot stand as a rule of federalism. Federal supremacy does not require Massachusetts enthusiasm. It requires Massachusetts non-obstruction.

### III. MASSACHUSETTS'S CIVIL-VERSUS-CRIMINAL JUSTIFICATION REQUIRES WRITTEN, NEUTRAL, AUDITABLE CRITERIA

The Complaint alleges that Massachusetts's existing forms and policies do not draw the civil-versus-criminal distinction asserted after the dispute arose.

A post hoc distinction that does not appear in the governing form, written policy, or historical administration does not function as law but as discretionary preference.

The Court's relief should therefore require neutral, written, auditable criteria. If Massachusetts maintains a confidential-registration program, the criteria must apply equally to similarly situated federal, state, local, and eligible non-law-enforcement applicants.

## IV. AMICUS'S MASSACHUSETTS EXPERIENCE CONFIRMS THE NEED FOR OPERATIONAL RELIEF

Amicus has repeatedly encountered Massachusetts actors treating access, records, docket custody, and administrative response duties as discretionary instruments rather than lawful obligations.

In Commonwealth ex rel. Brandon Michael Hayes v. City of Boston et al., No. 1:25-cv-12881-ADB, amicus brought a Quo Warranto and civil-rights action addressing public-records obstruction, municipal accountability, official warrant, and refusal by public actors to justify continued exercise of public authority under conditions of alleged non-performance. The case sits within a larger record of Massachusetts actors using access, process, response duties, and custody as control points rather than neutral obligations.

This case gives the Court a clean opportunity to prevent that same pattern in a federal-supremacy context. The remedy should reach the operating mechanism: informal denial, unwritten criteria, selective access, and unpreserved policy change.

## V. RELIEF SHOULD PREVENT RECURRENCE

A declaration that the present denial is unconstitutional will resolve the immediate conflict. Durable relief requires more.

The injunction should require Massachusetts to:

1. apply neutral written criteria to confidential-registration applications;
2. refrain from denying ICE, CBP, or any federal agency based on disagreement with federal mission;
3. preserve records concerning the 2026 policy change;
4. preserve application histories, approvals, denials, communications, and criteria;
5. disclose the operative standard used to approve or deny confidential registrations;
6. provide equal processing timelines to similarly situated federal applicants; and
7. certify compliance through responsible officials.

## APPELLATE SIGNIFICANCE

The ruling in this case will necessarily declare whether a State may use a neutral administrative program as a discretionary checkpoint against federal operations.

If the answer is yes, the Supremacy Clause no longer prevents state interference where the State acts through licensing, registration, records custody, or administrative access.

If the answer is no, then state programs that provide operational instruments to similarly situated actors must be administered through neutral, written, auditable standards that do not discriminate against federal function.

That question is foundational, recurring, and cleanly appealable.

---

## CONCLUSION

This case is about whether Massachusetts may turn neutral administration into political veto power over federal function.

The Constitution permits state administration; it forbids state mission-veto.

The Court should grant declaratory and injunctive relief that restores federal supremacy, neutral administration, operational record integrity, and non-recurrence.

Respectfully submitted,

/s/ Brandon Michael Hayes
Brandon Michael Hayes
President, Natural Law Institute
159 Indian Hill Street
West Newbury, MA 01985
brandon@hayeshaus.com
(617) 438-2049

Dated: May 29, 2026

JUN -2 PM 3: 11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**THE UNITED STATES OF AMERICA,**
Plaintiff,

v.

**THE COMMONWEALTH OF MASSACHUSETTS, et al.,**
Defendants.

Case No. **1:26-cv-12401**

---

**CERTIFICATE OF SERVICE**

I, Brandon Michael Hayes, certify that on June 1, 2026, I submitted or caused to be submitted the following documents for filing and notice in United States v. Commonwealth of Massachusetts et al., Case No. 1:26-cv-12401:

1. Motion for Leave to File Brief as Amicus Curiae;
2. [Proposed] Brief of Amicus Curiae Brandon Michael Hayes in Support of Plaintiff United States of America's Request for Declaratory and Injunctive Relief;
3. [Proposed] Order Granting Motion for Leave to File Brief as Amicus Curiae; and
4. Certificate of Service.

The filing package was submitted to the Clerk of Court for the United States District Court for the District of Massachusetts.

Courtesy copies were also transmitted or are being transmitted by physical delivery, mail, or electronic notice to counsel of record where available.
Transmission records and mailing records are preserved for record integrity.
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 1, 2026, at West Newbury, Massachusetts.

/s/ Brandon Michael Hayes
Brandon Michael Hayes
President, Natural Law Institute
159 Indian Hill Street
West Newbury, MA 01985
brandon@hayeshaus.com
(617) 438-2049