UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE COMMONWEALTH OF MASSACHUSETTS; MAURA HEALEY, Governor of Massachusetts, in her official capacity; ANDREA CAMPBELL, Attorney General of Massachusetts, in her official capacity; PHILLIP ENG, Interim Secretary of Transportation, in his official capacity; and COLLEEN OGILVIE, Registrar of Motor Vehicles, in her official capacity,<br><br>Defendants. | CIVIL ACTION<br>NO. 1:26-CV12401 |

**ATTORNEY GENERAL OF MASSACHUSETTS' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS THE UNITED STATES' COMPLAINT**

On May 27, 2026, the United States filed a Complaint for declaratory and injunctive relief against the Commonwealth of Massachusetts; Governor Maura Healey, in her official capacity; Attorney General Andrea Joy Campbell, in her official capacity; Interim Secretary of Transportation Phillip Eng, in his official capacity; and Registrar of Motor Vehicles Colleen Ogilvie, in her official capacity. ECF No. 1. The Complaint brings two causes of action, both under the Supremacy Clause of the United States Constitution, challenging Massachusetts' Registry of Motor Vehicle ("RMV") policy governing confidential license plates—known as the Confidential Registration Program ("CRP"). On July 1, 2026, the Suffolk County Sheriff's

1

Department hand-delivered a copy of the summons and complaint to Attorney General Campbell's Boston office (which she will accept as service for this case); no other defendant has been served.[1]

As to Attorney General Campbell, the Complaint should be dismissed because the Complaint fails to set forth **any** factual or legal basis for including her as a defendant. There are no allegations that Attorney General Campbell had or has any role in developing, promulgating, implementing, or enforcing the Confidential Registration Program. *See generally* Compl. Indeed, paragraph 9 is the only reference to Attorney General Campbell. *See* Compl. ¶ 9 ("Defendant Andrea Campbell is the Attorney General of Massachusetts and is being sued in her official capacity.").

A state officer is a proper party defendant only where that officer has some connection with the challenged policy. *New Progressive Party v. Hernandez Colon*, 779 F. Supp. 646, 652 (D.P.R. 1991) (citing *Ex parte Young*, 209 U.S. 123, 28 (1908)). Here, the Complaint contains no allegations that Attorney General Campbell has any connection with the enforcement of the challenged RMV policy. There is no allegation sufficient to state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), nor any alleged injuries traceable to her as a defendant—a prerequisite for standing, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In addition, in the event the court concludes that any relief is warranted (it is not), such relief would be available from some of the remaining defendants. *See Wright v. Massachusetts Dep't of Public Health*, Case No. 3:22-CV-11936, ECF No. 47 (D. Mass. Mar. 15, 2024)

---

[1]    Massachusetts reached out to the United States and indicated it would be amenable to waiving service for all defendants in accordance with Fed. R. Civ. P. 4(d). The United States declined and indicated it would serve each defendant. As of this filing, aside from the Attorney General (as described above), no other defendant has been served pursuant to Fed. R. Civ. P. 4. If the United States serves the remaining defendants, those defendants reserve all rights to file any responsive pleading as may be appropriate.

(dismissing Governor of Massachusetts from lawsuit challenging program run by Department of Public Health and noting "any relief, if warranted, would be available from the Commissioner [of the Department of Public Health]").

Accordingly, the United States' claims cannot proceed against the Attorney General, and she should be dismissed from this lawsuit. *See, e.g., McLeod v. Dukakis*, No. 89-0108, 1990 WL 180708 *1 (D. Mass. Nov. 2, 1990) (dismissing Section 1983 claim against former governor because complaint made no allegation that alleged violation occurred under a policy or custom promulgated by him).

Respectfully submitted,

ANDREA CAMPBELL, Attorney
General of Massachusetts, in her official capacity,

By her Attorneys,

*/s/Tasha J. Bahal*
Tasha J. Bahal, BBO #675935
  *Deputy State Solicitor*
Erin E. Fowler, BBO #707188
  *Assistant Attorney General*
Office of the Attorney General
One Ashburton Place
Boston, MA 02108-1698
Tasha.Bahal@mass.gov
Erin.E.Fowler@mass.gov
(617) 963-2066

June 29, 2026

3

## <u>CERTIFICATE OF SERVICE</u>

I, Erin E. Fowler, hereby certify that this document filed on June 29, 2026, through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants:

Alessandra Faso
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, D.C. 20044-0386
(202) 451-7728
alessandra.faso@usdoj.gov

*/s/ Erin E. Fowler*
Erin E. Fowler
Assistant Attorney General

4